# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LENORA REID,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC., a
Delaware Corporation, licensed to do
business in Illinois,

    Defendant.

No. 06 C 472
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This is a slip-and-fall personal injury case. Lenora Reid slipped on a spilled milkshake in a Kohl's Department Store in this District. The parties are from different states and the jurisdictional amount has been met. Kohl's seeks summary judgment on liability.

The focus of the motion is a small subset of the facts. The context is quite clear. Kohl's does not sell milkshakes, so someone brought it into the store and it was somehow spilled on the floor. There is no evidence that any Kohl's employee saw the spill before the slip occurred. Kohl's had a routine procedure for inspecting its own premises, and there was a maintenance crew which followed a checklist to ensure that the store was cleaned on a regular basis and an assistant manager was to check to see the job was done. The manager on duty had an assigned two-hour period in which the manager was to continuously walk through the store and inspect the premises. If a spill was found, the manager either cleaned up or caused others to clean it up. In this case, the manager was Ms. Rizzo who was on duty the evening of the incident.

Ms. Reid and a companion, Anthony Adkins, came to the store on December 7, 2003 to shop for men's dress shirts. After some time in the Men's Department, Ms. Reid left the carpeted Men's area and walked onto a white tile floor on the main aisle of the store (itself about ten feet

wide). She was able to observe the aisle, adequately lit, before she approached the area. As she proceeded, she looked in the direction she was going, straight ahead, she looked neither up nor down. As she stepped on the tile floor she saw a pool of pink milkshake on the floor. She then slipped and fell on it.

Ms. Rizzo was called to the scene and came to assist. Ms. Rizzo saw a "pink smoothie, milkshaky ice cream type of thing" on the floor along with a cup, lid and straw on the floor.

The store was not busy, it was a very cold day, and Ms. Rizzo testified that the "store was dead that night." She could not recollect any other incident of customers spilling food in the store or any similar slip and fall on spilled food.

After the fall, Ms. Reid asked Mr. Adkins to retrieve a camera in the car to photograph the scene. He complied with her request and took photographs at the store and, later, at the hospital.

No one claims to have seen the milkshake spill. An important question is how long the shake was on the floor. A storekeeper is not held liable every time someone brings a drink into the store, spills it on the floor, and someone slips on the spilt drink. A storekeeper is held to a reasonable duty to maintain safe premises. It would not be reasonable to expect a storekeeper to clean every spill at the very instant it occurs. If the storekeeper has an appropriate inspection procedure and all spills are cleared in a reasonable period of time after they occur, the storekeeper cannot be held accountable.

So, the dispute is over the timing of the spill. The condition of the milkshake on the floor provides a clue to the recency of the spill.

Mr. Adkins testified that, in his opinion, the spill had "just happened right before she came out there. Because . . . it seemed to be ice cream, and it hadn't melted yet." He said there was still ice cream frozen in the moisture on the floor. No employee or customer had told Ms. Rizzo about

the ice cream before the slip and fall, and no Kohl's employee had said anything to Ms. Reid that would indicate that they were aware of a spill. Ms. Reid observed that the spilled material was solid in some places, with a large lump. No one recalled any cart marks in the spill or footprints outside the area of the spill. Ms. Rizzo had inspected the floor ten minutes or less before the slip and fall and saw no milkshake spill then.

Ms. Reid did testify that she saw the pink milkshake in a big pool on the tile floor as she stepped down on the floor but not before she fell. Unlike Mr. Adkins, she opined that the milkshake had been down there "for some time because it was starting to get liquid in some areas of the spillage. It was liquid and running a little bit . . . solid in some places . . . a thick milk shake. . . . It was a big lump and the rest of it was melting, it had scattered. It seemed like the bulk of it was right here, and I guess the spillage scattered. And the part that scattered was more liquid than thick."

The Illinois rules governing premises liability for the store owner here are clear. See *Hayes v. Bailey*, 400 N.E.2d 544 (1980). The store is liable if the store placed, or was responsible for placing, the milkshake on the floor, which is not contended here. Nor is it argued that an employee knew it was on the floor before the slip. Instead, Ms. Reid claims that the presence of the milkshake should have been discovered by Kohl's in the exercise of ordinary care, which is why the length of time Kohl's had to discover it is crucial. If the milkshake was in the aisle for a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, the store would have had constructive notice of the spilled shake. Constructive notice of the hazard could be proved by showing either that these kinds of slips and falls were a regular occurrence against which Kohl's would have to take special precaution (a point not at issue here), **or** that the condition existed for long enough to blame Kohl's for not doing something about it. See *Culli v.*

3

*Marathon Petroleum Co.*, 862 F.2d 119 (7th Cir. 1988). Finally, even if the pink milkshake should have been discovered, a plaintiff cannot collect damages for her failure to avoid open and obvious dangers. That is to say, Ms. Reid cannot win if the risk of slipping on a spilled milkshake would have been recognized by a reasonable person in her situation. *Deibert v. Bauer Bros.*, 566 N.E.2d 239 (1990).

The milkshake was on the floor for no more than ten minutes. Obviously, there is nothing to contradict the explicit testimony of Ms. Rizzo and, given the established policies of Kohl's, there is no inherent ground to doubt this. Every witness agrees that the milkshake had not fully melted, and it would be unreasonable for a finder of fact, using common sense[1], to conclude that the milkshake had been on the floor for longer than ten minutes. Is ten minutes too much time for a store owner to take before it notices an uncommon event? The rule is not absolute, but Illinois law appears to hold that, in circumstances like these, a store owner has more than ten minutes to notice such a spill. See *Peterson v. Wal-Mart*, 241 F.3d 603 (7th Cir. 2001).

Here, there were very few customers in the store, which reduces the chance of a spill; there were salespeople and cashiers present; and Kohl's had a reasonable inspection policy. Under Illinois law, this circumstance does not justify giving a case to a finder of fact. *Hresil v. Sears, Roebuck & Co.*, 403 N.E.2d 678 (1980) (concluding that a different result would impose an unreasonable requirement that a store keeper follow a regime of constant inspection). To charge Kohl's with constructive notice of the spilled milkshake would place upon the store the unfair requirement of constant patrolling of its aisles. Indeed, if in *Hayes* a half-hour delay in discovering

---

[1] No party has offered expert testimony on melting times, and such testimony would seem difficult to come by since the milkshake was, apparently, not preserved as evidence. So, the reasonable trier of fact would be relying on common sense and their own life experience, which they are permitted to do.

4

spilled water in a bathroom (where the risk of spills seems substantial) was not enough to justify a trial on the issue of negligence, then *a fortiori*, a ten minute delay in this case yields the same result. *Hayes*, 400 N.E.2d at 548.

It appears, too, that the danger of a pool of pink milkshake along with its cup, lid and straw on a white tile floor would be open and obvious within the parameters set by *Pageloff v. Gaumer*, 849 N.E.2d 1086 (2006) (a walnut plainly visible on the ground). It is not precisely clear when Ms. Reid saw the milkshake, but it is clear that she could have easily seen it. It is clear, too, that she never said she was distracted by anything in the store or that anything in the store blocked her view of the white tile floor.

The plaintiff simply has no evidence that could persuade a reasonable jury that Kohl's had constructive notice of the spilled milkshake, and she has no chance to avoid the only reasonable conclusion that the spill was open and obvious.[2]

The defendant's motion for summary judgment is granted and judgment for Defendant will issue.

ENTER:

James B. Zagel
United States District Judge

DATE: Sep 19, 2007

---

[2] Plaintiff adopts Kohl's endlessly repeated mantra that it does not sell (or, I assume, give away) milkshakes and turns it against Kohl's by saying that she would have no reason to look out for a spilled milkshake. It is a nice twist, but the lookout required by Illinois law would still apply because the duty to watch one's own step applies to spills of any kind, not just milkshakes, and there can be no doubt that had she looked, she would have seen the spill.

5